United States Courts
Southern District of Texas
FILED

APR 12 2016

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE SEARCH WARRANT<br>EXECUTED ON<br>March 22, 2016 at<br><br>8303 Thora Lane, Hangar #M31<br>Spring, Texas 77379 | §<br>§<br>§<br>§<br>§<br>§ | Case No. H 16-409M |

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

## MOTION TO UNSEAL SEARCH WARRANT AFFIDAVIT AND RETURN PROPERTY, FOR PROTECTIVE ORDER, AND TO PREVENT DISCLOSURE OF DOCUMENTS PROTECTED UNDER THE WORK PRODUCT DOCTRINE AND ATTORNEY-CLIENT PRIVILEGE

TO THE HONORABLE COURT:

COMES NOW, Justin Smith ("SMITH"), and, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, requests this Court to order the following: (1) that the affidavit in support of the search warrant be unsealed; (2) that a protective order be issued; and (3) that certain property be returned. In support, SMITH would show the Court the following:

### FACTUAL BACKGROUND

On March 22, 2016, Internal Revenue Service ("IRS") Special Agents armed with guns and a search warrant (attached hereto as Exhibit "A"), raided Hanger #M31 located at 8303 Thora Lane, Spring, Texas 77379. The raid lasted over nine hours. This hanger belongs to companies operated by SMITH.

Pursuant to the search warrant, documents were seized that are subject to the attorney-client privilege and work product doctrine, as indicated on an inventory list (attached hereto as Exhibit "B"). The inventory list references emails from Patrick Murphy ("Murphy") to SMITH. Murphy is a Houston attorney; the search warrant lists his website murphyslawtx.com.

The search warrant covers basically all documents belonging to all of the companies, as well as documents pertaining to SMITH and his relatives, friends, and other partnerships and or corporations, or any associated entities or individuals. Included in the search warrant's items to be seized are cellular phones "limited to Justin Smith and Stephanie Rodriquez." SMITH communicates via text message and email with his attorneys on his cell phone.

## JURISDICTION

Federal district courts have power to order suppression or return of unlawfully seized property even though no indictment has been returned and thus no criminal prosecution is yet in existence. *Hunsucker v. Phinney*, 497 F.2d 29, 32 (5th Cir. 1974). *Accord Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975). *See In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 855 (9th Cir. 1991) (appellate court has jurisdiction over denial of motion for return of property even if there are no criminal charges pending against movant). The "jurisdiction to order suppression or return ... exists not by virtue of any statute but rather derives from the inherent authority of the court over those who are its officers." *Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Hunsucker*, 497 F.2d at 32). *See In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d at 855 (motion for return of property under Rule 41 is treated as a civil equitable proceeding).

When a criminal indictment is threatened, early adjudication of the admissibility of evidence is necessary. The criminal indictment carries a danger of stigmatization, *see In re Grand Jury Proceedings*, 115 F.3d 1240, 1247 (5th Cir. 1997) (noting "the stigma of a criminal indictment"), that may not be removed by a subsequent determination in the criminal trial that the evidence on which the indictment was based is inadmissible, *Hunsucker*, 497 F.2d at 33.

This Court has jurisdiction over this pre-indictment matter. It is crucial that the disposition and admissibility of the evidence be determined before SMITH is unjustly stigmatized by an indictment based upon inadmissible evidence.

## MOTION TO UNSEAL AFFIDAVIT AND RETURN PROPERTY

### I. The Court should Allow Access to the Search Warrant Affidavit.

Pursuant to Rule 41 of the Federal Rules of Criminal Procedure, the district court is required to file with the clerk the warrant, the return, and all supporting documents, including the affidavit. Rule 41 was never intended for secrecy; the Rule was always intended that persons wishing to challenge a warrant would have access to the supporting affidavit. *See* Amendments to Fed. R. Crim. P. early advisory committee's notes (1972). Without the search warrant affidavit, it is impossible to identify anything but the most obvious defects in the warrant or its execution. It is impossible to determine whether there was probable cause to search and, if so, for what. The denial of access to a warrant affidavit effectively precludes a business organization from the most effective forms of challenge to the warrant, depriving it of procedural and substantive due process under the Fifth Amendment.

Under the common law, judicial records and documents have been historically considered to be open to inspection by the public. *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988). This common-law right of access to judicial records and documents "is a general right held by all persons." *In re EyeCare Physicians of Am.*, 100 F.3d 514, 517 (7th Cir. 1996). *Accord United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 n.4 (9th Cir. 2011). "[P]ublic access to documents filed in support of search warrants is important to the public's understanding of the … judicial process and the criminal justice system and may operate

In this case, the Court should apply the rule of public access to the warrant affidavit. Access should be granted immediately.

## II. The Government Has No Compelling Interest in Sealing the Affidavit.

Documents may be sealed if specific, on the record, findings are made that the sealing is necessary to preserve compelling government interests and is narrowly tailored to that interest. *Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 13-14 (1986). If the district court decides to seal records, it must explain why the sealing was necessary and why less restrictive measures were not appropriate. *Id.* at 510. *See In re Search Warrant for Office of Gunn*, 855 F.2d at 573-74 (judicial records, including search warrant affidavits "have historically been considered to be open to inspection by the public"; although this right is qualified, access may be denied only when nondisclosure "is necessitated by a compelling government interest"). The right of access may be overcome only if: (1) the government has shown a compelling interest; (2) there is a substantial probability the interest will be harmed by disclosure of the document(s); and (3) there is no adequate alternative to maintaining the document(s) under seal. *In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008) (holding that although government's interest in maintaining grand jury secrecy was compelling there was not substantial probability this interest would be harmed by disclosure; further, the court should consider redaction before denying the public access to the information). *See also Index Newspapers*, 766 F.3d at 1094 (where there was no probability that unsealing document would harm the government's interest in secrecy, no sealing or redaction was necessary; ordering document unsealed on remand); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 66 (4th Cir. 1989) (judicial officer must consider alternatives, such as redaction, before sealing documents); *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 299 (S.D. Ohio

as a curb on prosecutorial ... misconduct. *In re Search Warrant for Office of Gunn*, 855 F.2d at 573. "The Supreme Court has recognized ... that a 'citizen's desire to keep a watchful eye on the workings of public agencies' and 'to publish information concerning the operation of government' will justify writs compelling access to judicial documents." *In re Application & Affidavit for a Search Warrant*, 923 F.2d 324, 330 (4th Cir. 1991) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978)).

Based on the common law and First Amendment law, the courts have concluded that "pretrial publication of affidavits in support of search warrants" may not be "altogether forbidden as a matter of law." *In re Application & Affidavit for a Search Warrant*, 923 F.2d at 329. The courts have applied this right of access to various warrant-related materials, including search warrant affidavits. *See In re EyeCare Physicians*, 100 F.3d at 515 (search warrant application and affidavit). *Accord United States v. Index Newspapers LLC*, 766 F.3d 1072, 1093 (9th Cir. 2014) (contempt hearings ancillary to grand jury investigations).

> The presence of material derived from intercepted communications in the warrant application does not change its status as a public document subject to a common law right of access, although the fact that the application contains such material may require careful review by a judge before the papers are unsealed.

*In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990).

> Moreover, such pretrial disclosure, when warranted, must not be delayed:
>
> [I]n the context of closure of pretrial proceedings, this court has written that a "minimal delay" of access "unduly minimizes, if it does not entirely overlook, the value of 'openness' itself, a value which is threatened whenever immediate access to ongoing proceedings is denied, whatever provision is made for later public disclosure." We think that reasoning applies equally to this situation. Openness is a value in itself that the trial judge must consider even when the participants in the trial may wish otherwise.

*In re Application & Affidavit for a Search Warrant*, 923 F.2d *at* 331 (citation omitted) (holding no abuse of discretion in lower court releasing complete affidavit).

1995) (refusing to accept mere assertion that the existence of an ongoing investigation justified continuing secrecy); *Matter of Wag-Aero, Inc.*, 796 F. Supp. 394, 395 (E.D. Wis. 1992) (injury to a party's due process rights flowing from nondisclosure significantly outweighed the harm that disclosure might cause to the government's ongoing investigation). Moreover, once compelling reasons no longer exist for sealing documents they should be ordered unsealed. *In re Copley Press*, 518 F.3d at 1028. *Accord Application of Newsday*, 895 F.2d at 79.

The present matter does not involve a motion filed prior to "any suggestion of criminal proceedings." The search warrant was executed and allegations of tax fraud have been made. There is no compelling government interest that justifies "the extraordinary act of sealing warrant materials after the underlying search has been conducted." *In re Search Warrant Issued August 29, 1994*, 889 F. Supp. at 299.

For example, "the investigation in this district is not a part of some broader investigation involving other participants in other districts." Moreover, "there are no informants whose lives would be endangered" by disclosure. *In re Search Warrant Issued August 29, 1994*, 889 F. Supp. at 300. Similarly, there are no other compelling government interests that would overcome SMITH's right to inspect the affidavit that was the foundation for the warrant used to search the hanger.

Furthermore, according to Assistant United States Attorney Justin Martin, there is no grand jury investigation, so the records obtained pursuant to the search do not involve "a matter occurring before the grand jury," Fed. R. Crim. P. 6(e)(2), and are not subject to protection under that Rule. *See Press-Enterprise*, 478 U.S. at 10 (contrasting grand jury proceedings with preliminary hearings conducted before magistrates, which are typically open to the public).

SMITH requests that he be permitted to review the affidavit to determine its constitutional sufficiency and whether the preparation of the affidavit and/or seizure of the attorney-client documentation (as discussed below) have tainted the entire investigation before any further proceedings. The taint of the Government's transgressions may have infected all phases of the investigation and prosecution of SMITH, such that suppression is no longer a viable remedy.

Unsealing of the affidavit in the present matter is required to enable SMITH to determine if he should challenge the warrant, and ultimately to attempt to suppress evidence.

Alternatively, disclosure of the affidavit should not be postponed indefinitely. *In re Searches of Semtex Indus. Corp.*, 876 F. Supp. 426, 429 (E.D.N.Y. 1995). Recognizing a need for secrecy, the *Semtex* court refused to unseal any warrant documents for three months. Following this three-month period, however, the court would unseal the records if no indictment had yet been filed. In this case, if the Court determines that there is a need for secrecy, SMITH requests a court order mandating disclosure on a date certain.

## MOTION FOR PROTECTIVE ORDER

Included in the search warrant's items to be seized are cell phones of "Justin Smith and Stephanie Rodriquez." SMITH's cell phone communications via text message and email with his attorneys are privileged. SMITH seeks protection from the search and seizure warrant of these items. SMITH is entitled to the protection of the attorney-client privilege and requests that this Court issue a protective order prohibiting the disclosure of any and all documents and communications that are protected.

## MOTION FOR RETURN OF COPIES OF DOCUMENTS AND RETURN OF ORIGINAL DOCUMENTATION SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE

I.  **SMITH Requests Copies of All Seized Documents.**

Rule 41(g) of the Federal Rules of Criminal Procedure provides that an aggrieved person may seek return of property that has been unlawfully seized:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). *See United States v. Search of Law Office, Residence, & Storage Unit Alan Brown*, 341 F.3d 404, 415 (5th Cir. 2003) (Rule 41 inquiry focuses on harmful effects a loss of property on the movant).

Pursuant to Rule 41(g), SMITH requests that the IRS provide copies of all seized original documents that it may lawfully retain. *See Sealed Appellant 1 v. Sealed Appellee*, 199 F.3d 276, 278 (5th Cir. 2000) (noting that movants were provided with copies of all seized items); *Heebe v. United States*, No. CIV.A. 10-3452, 2011 WL 2610946 (E.D. La. July 1, 2011) (plaintiffs showed irreparable injury justifying that they at least be provided copies of their property, where being deprived of copies of seized documents and computers disrupted the plaintiffs' business operations).

II. **SMITH Requests Return of All Documentation Subject to the Attorney-Client Privilege.**

In addition to copies of all seized documents, SMITH requests that this Court order all information returned that is covered under the attorney-client privilege or work product doctrines. SMITH also requests that his counsel have access to the records to determine the existence of any privileges, and that the IRS be prohibited from reviewing the records until privileges can be established. *See Klitzman, Klitzman & Gallagher v. Krut*, 744 F.2d 955, 957

(3d Cir. 1984) (overbroad search violated attorney-client privilege, where warrant allowed seizure of client files, financial records, file lists, appointment books, and all other company business records). As stated above, the effect of the seizure of documents and things not only on SMITH but also on third parties interested in or affected by the Government's actions is that the attorney-client privilege may be violated. *Id.* at 957.

"The attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice." *Hodges, Grant & Kaufmann v. United States Government, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 720 (5th Cir. 1985). The Supreme Court has examined and embraced the importance of preserving attorney-client privilege by stating:

> The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client. As we stated last Term in *Trammel v. United States*, 445 U.S. 40, 51, 100 S. Ct. 906, 913, 63 L.Ed.2d 186 (1980): "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out."

*Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "The privilege also protects communications from the lawyer to his client." *Hodges*, 768 F.2d at 720. The application of the privilege "is a question of fact, to be determined in the light of the purpose of the privilege." *Id.* at 721. Basic elements that establish the claim of attorney-client privilege are: "(1) a confidential communication; (2) to a lawyer or subordinate; (3) for the primary purpose of securing a legal opinion, legal services, or assistance in the legal proceeding." *United States v. Nelson*, 732 F.3d 504, 518 (5th Cir. 2013), *cert. denied* 134 S. Ct. 2682 (2014).

The attorney-client privilege applies in the search warrant context, and invasion of the attorney-client privilege constitutes an irreparable injury justifying this Court's exercise of equitable jurisdiction to return SMITH's property. *See In re 636 S. 66th Terrace, Kansas City, Kan.*, 835 F. Supp. 1304 (D. Kan. 1993) (granting pre-indictment motion for return of property seized pursuant to search warrant as protected by attorney-client privilege).

Because the evidence seized from SMITH's hanger includes information protected under the attorney-client privilege, SMITH asks that all information seized be returned. SMITH also seeks protection from the search and seizure warrant for attorney-client privileged information contained on his cellphone.

Moreover, any use of a so-called "taint team" to review the documents that SMITH claims are protected by the attorney-client privilege and work product doctrine constitutes a "per se intentional intrusion." *See Weatherford v. Bursey*, 429 U.S. 545, 558 (1977). *See also Heebe*, 2011 WL 2610946, at *6 (government's refusal to give the plaintiffs access to seized evidence, causing them "involuntary ignorance as to the full extent of privileged information seized" and given "serious deficiencies" in the "taint team" caused the plaintiff's irreparable injury). In *Heebe*, the court granted the plaintiffs' Rule 41(g) motion for return of property based on their argument that the government did not have the authority to search their businesses, seized items outside the scope of the warrant, and impermissibly review documents that were attorney-client privileged.

## CONCLUSION

SMITH requests a postponement of further discovery until after SMITH has reviewed the search warrant affidavit and documents to determine the applicability of privileges.

SMITH further requests that the Court:

UNSEAL the search warrant affidavit so that SMITH and his attorneys may determine the scope of the warrant, the legality of the search, and the truth and veracity of the affidavit in accordance with *Franks v. Delaware*, 438 U.S. 154 (1978);

ORDER that certain documents and items seized be subject to a Protective Order;

ORDER that the Government provide SMITH with copies of all seized documents and return to SMITH all documents subject to the attorney-client privilege and work product doctrines; and

GRANT such other and further relief to which SMITH shows himself entitled.

## CONFERENCE

Counsel, Ashley Arnett, spoke with AUSA Justin Martin on April 11, 2016. AUSA Justin Martin opposes unsealing the search warrant affidavit.

Dated: April 12, 2016

Respectfully submitted,

MICHAEL LOUIS MINNS, P.L.C. d/b/a
MINNS & ARNETT

*/s/ Ashley Blair Arnett*
Michael Louis Minns
State Bar No. 14184300
Ashley Blair Arnett
State Bar No. 24064833
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

## CERTIFICATE OF SERVICE

This is to certify that on this the 12th day of April 2016, a true and correct copy of the above and foregoing instrument was served upon AUSA Justin Martin via CMRRR# 7003-1680-0002-3639-2569.

*Ashley Blair Arnett*
Ashley Blair Arnett