UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

APR 20 2016

David J. Bradley, Clerk of Court

IN THE MATTER OF THE SEARCH OF

███████████████████████

CASE NO. H 16-409 M

FILED UNDER SEAL

## RESPONSE IN OPPOSITION TO MOTION TO UNSEAL SEARCH WARRANT AFFIDAVIT AND OTHER RELIEF

The United States of America, by and through the United States Attorney for the Southern District of Texas, Kenneth Magidson, and the undersigned Assistant United States Attorney, respectfully requests that this Court deny ███████ motions to unseal three search warrants, compel production of all seized documents, and return all documents subject to the attorney-client privilege. ███████ motions are due to be DENIED because unsealing the affidavits would jeopardize an ongoing investigation, which the Fifth Circuit validated in In re Grand Jury Proceedings, 115 F.3d 1240, 1246 (5th Cir. 1997) (citing In Re EyeCare Physicians of America, 100 F.3d 514, 517 (7th Cir. 1996)). Furthermore, the United States has already returned all of the electronic information seized pursuant to this search warrant and will return the electronic information seized pursuant to the other two search warrants as soon as the data is imaged. Lastly, the United States will use a taint team to identify and return all privileged material to ████ and his attorneys.

### BACKGROUND

On March 21, 2016, this Court issued a warrant authorizing the search and seizure of evidence from ████████████████████████ ("SW#1"), which location was the business office of companies operated by ███████ On March 22, 2016, agents of

████████████████████████████████ executed the warrant at that location, and seized approximately 24 boxes of evidence, including computers, hard drives, and other electronically stored information.

On April 12, 2016, the Honorable Frances H. Stacy issued two search warrants. One warrant authorized the search and seizure of evidence from ████████████████ ███████████████ ("SW#2"), which is ████████'s residence, and the second warrant authorized the search and seizure of evidence from ████████████████████ ████████████████████████ ("SW#3"), which was a storage unit being rented by ████████.

Also on April 12, 2016, the attorney for ████████ filed this motion requesting the Court to issue an Order (1) that the affidavit in support of SW#1 be unsealed; (2) for copies of all seized documents; and (3) return of all documents subject to the Attorney-Client privilege. In the morning hours of April 13, 2016, ████ agents executed SWs #2 & #3. Pursuant to SW#2 (████'s residence), agents seized approximately 8 boxes of evidence, including computers and other electronically stored information. Pursuant to SW#3 (storage unit), agents seized approximately 51 boxes of evidence, including computers, hard drives, and other electronically stored information.

On April 15, 2016, ████'s attorneys filed motions regarding SW#2 and SW#3, both cases before Judge Stacy, requesting similar relief to this motion, which the United States also opposes. ████'s attorneys also filed a motion to consolidate the three matters into one proceeding, which the United States does not oppose.

## ARGUMENT

1. **Unsealing the Affidavit is unwarranted because it would jeopardize an ongoing criminal investigation**

This Court should deny ███████'s first request, to unseal or otherwise disclose the affidavit in support of the search warrants because the facts contained in the affidavit relate to an ongoing ████████████ investigation being conducted by ██████████████████ Premature disclosure of the information contained in the affidavit will jeopardize the integrity of the ongoing criminal investigation.

In addition, the Affidavit should remain sealed because it contains "return information." Title 26 U.S.C. § 6103(a) creates a mandatory requirement that "return information" be kept confidential. Furthermore, 26 U.S.C. § 6103(b) defines "return information" very broadly to include "any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability."

Moreover, contrary to ██████'s claims, ██████ does not have a right to have access to the information contained in the affidavit, particularly in a case such as this which is still an ongoing investigation and no charges have been filed. See In Re EyeCare Physicians of America, 100 F.3d 514, 517 (7th Cir. 1996) ("no provision within the Fourth Amendment grants a fundamental right of access to sealed search warrant affidavits before an indictment."). Importantly, the Fifth Circuit expressly adopted the Seventh Circuit's holding in the case In re Grand Jury Proceedings, 115 F.3d 1240, 1246 (5th Cir. 1997), where the Fifth Circuit held:

> [W]hile this court has not yet determined whether the issuance of a search warrant combined with a sealed affidavit constitutes a violation of the Fourth Amendment, the Seventh Circuit has expressly affirmed the practice. See In Re Eyecare Physicians of America. The Seventh Circuit observed that 'no provision within the Fourth Amendment grants a fundamental right of access to sealed search

warrant affidavits before an indictment.' *This court ordinarily abides by the decisions of our sister circuits, and we do so with respect to this sensible decision.*"

(emphasis added, internal citations removed).

In EyeCare Physicians, the Seventh Circuit upheld a magistrate judge's order denying a motion made by the subject of a search warrant seeking access to a search warrant affidavit before any charges had been filed because granting the subject access to the affidavit could have impaired an ongoing criminal investigation. Id. at 519 ("We agree with the magistrate judge and the district court that disclosure of the affidavits might very likely impair the ongoing criminal investigation.").

EyeCare Physicians noted several potential consequences of granting a subject access to a search warrant affidavit, while the underlying investigation was ongoing, that justified keeping the search warrant affidavit under seal. Among these were the likelihood that the secrecy of grand jury proceedings would be violated; the identity of unnamed subjects not yet charged would be revealed; there might be mistaken notions concerning who might and might not be cooperating with the government or who may be subjects; there may be misunderstandings about the parameters of the government's investigation; the privacy of the innocent and the implicated would be threatened; the cooperation of present and potential witnesses could be compromised or influenced; and it could enable the subjects of the investigation the opportunity to alter, remove or withhold records. Id.

In this case, all of the above concerns are implicated.[1]  In particular, there is a heightened concern in this case that disclosure of the search warrant affidavit would enable ██████ or other potential subjects of the investigation to alter, remove, or withhold records.  The United States

---

[1]      While there is not a grand jury proceeding at this time, there is still the concern that disclosure would result in the release of confidential return information, as noted above.

has already obtained evidence that ███ has obstructed justice in this matter by attempting to conceal and destroy evidence related to this investigation.  If ███ were to obtain access to the search warrant affidavit, he would be in a better position to further obstruct the ███ investigation.  In addition, disclosure of the search warrant affidavit would reveal to ███ the identity of witnesses, whose assistance could be compromised or influenced if their identities became known at this stage of the investigation.

Moreover, the case that ███ primarily relies on, In re Search Warrants Issued August 29, 1994, 889 F. Supp. 296 (S.D. Ohio 1995), is a district court opinion that was heavily criticized by the Seventh Circuit, which found the case "unpersuasive," "conclusory at best," and "conspicuous for its lack of analysis." EyeCare Physicians, 100 F.3d at 517.


2.    **Providing Copies of "All" Seized Documents Would Be Duplicative and Burdensome**

███ also asks for copies of "all" seized documents.  Pursuant to SW#1, ███ seized approximately 24 boxes of material, including computer and other electronic information.  Pursuant to all three search warrants, ███ seized a combined total of approximately 83 boxes of material.

The United States has already imaged and returned all of the computer and electronic data that was seized pursuant to SW#1.  Furthermore, the United States will return the computers and electronic data seized pursuant to SWs #2 & #3 as soon as they are imaged.  The computers and other electronic information that have already been returned, or will soon be returned after imaging, will likely have copies of most of the paper documents that were also seized.  Thus, ███'s request for copies of "all" paper documents would be moot, duplicative, and unnecessarily burdensome.

Furthermore, with respect to documents that may not have copies stored electronically, the United States is willing to accommodate reasonable requests for copies of specifically identified documents, provided that ███ can reasonably articulate where the document was located when it was seized and how it can be identified by ███ The United States, however, objects to needlessly having to copy 83 boxes of documents that are likely duplicated on the already returned (or soon to be returned) computer equipment. Federal Rule of Criminal Procedure 41(g) specifically states that the court may impose reasonable conditions on any return of records to protect access to the property in later proceedings. The Court should find that providing ███ with all of the electronically stored information, as well as copies of paper documents reasonably requested, is an appropriate reasonable condition under Rule 41(g) in this case.

Since the United States has returned, or soon will return, all of the computer equipment that has been seized, and since the United States is agreeable to accommodating reasonable requests for specifically identified paper documents still in possession of ███ the court should deny ███'s motion without prejudice because ███ has not carried his burden of proving that he is being deprived of his property.

3.    **A Protective Order is not necessary because the United States will use a taint team to prevent disclosure of privileged information**

███ also requests that the ███ return all information that is covered under the attorney-client privilege or work product doctrine. The United States has established a "taint team," consisting of an AUSA and ███ agents not involved in the prosecution of the case, who will review the evidence that has been seized. Any evidence identified by the taint team as privileged will be returned to ███ Any documents identified by ███ as privileged, but not by the taint team, can be challenged in Court before the documents are given to the prosecution

6

team.  Other Courts have upheld the use of a "taint team" in cases where potentially privileged information has been seized.  See, e.g., In re Search of 5444 Westheimer Rd., Suite 1570, 2006 WL 1881370, at *2 (S.D. Tex. July 6, 2006) (discussing taint team procedure); In re Search of Electronic Communications, 802 F.3d 516, 530 (3d Cir. 2015) (upholding use of taint team); United States v. Coffman, 574 F. Appx. 541, 564-65 (6th Cir. 2014) (upholding use of taint team).

In addition, ████'s claims regarding attorney-client privilege are too vague because ████ has not explained what documents are privileged or where they are located.  The only items identified by ████ as privileged are emails with attorney Patrick Murphy, and text messages and emails with unidentified "attorneys."[2]  It would assist and possibly expedite the taint team's review of documents if ████'s attorneys provided attorneys' names, email addresses, phone numbers, case names, and other key words that would help them to identify potentially privileged material.

The cases cited by ████ in opposition to the use of a taint team do not support ████'s position.  ████ cites Weatherford v. Bursey, 429 U.S. 545, 558 (1977), for the supposed proposition that use of a taint team to review documents for privilege would be a "per se intentional intrusion."  However, Weatherford involved a confidential informant who was invited to meetings between a criminal defendant and his attorney.  Id. at 547-48.  Accordingly, the case did not involve the use of a taint team to review potentially privileged documents; therefore, that case is not relevant to the issue before this Court.  In any event, the Supreme Court in Weatherford held that there had not been any violation of the Sixth Amendment.  Id. at 558.

---

[2]      The motions related to SWs #2 & #3 also specify a box identified as containing "legal suit documents."

███ also cites <u>Heebe v. United States</u>, 2011 WL 2610946, at *5 (E.D. La. July 1, 2011), however, that case involved a situation where the taint team and the prosecution team were reviewing documents simultaneously, which is not the procedure that the United States will be using in this case.  Consequently, the holding in <u>Heebe</u> is not applicable to this case.

## CONCLUSION

For the reasons articulated above, the United States requests an Order from the Court that (1) DENIES ███ s motion to unseal the search warrant affidavit, because doing so would jeopardize an ongoing criminal investigation; (2) DENIES without prejudice ███ s motion for copies of all documents, because the United States has returned or soon will return all electronically stored information to ███ , and will accommodate reasonable requests for specifically identified hard copy documents; and (3) DENIES ███ s motion for the return of privileged documents, because the taint team will review the seized documents and return to ███ all of the documents that they identify as privileged, and any document found to be privileged by a court proceeding.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By:   Justin R. Martin
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 567-9000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN THE MATTER OF THE SEARCH OF
██████████████████████████

CASE NO. H 16-409 M

ORDER

Pending before the court is ███████'s motion filed April 12, 2016, the United States'
Response filed April 20, 2016.  Having considered the motion and the response,

IT IS HEREBY ORDERED that the motion is denied.

IT IS FURTHER ORDERED that this order and all pleadings filed in the above case are
to be sealed and to remain under seal until further order of this court.

Signed at Houston, Texas, this ___ day of _____, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, has been delivered to the

attorney for ██████ by email.

Justin R. Martin
Assistant United States Attorney