UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE SEARCH WARRANT § | CR ACTION No. 4:16-MJ-409 |
| EXECUTED ON § | |
| March 22, 2016 at § | Consolidated with: |
| 8303 Thora Lane, Hangar #M31 § | CR ACTION No. 4:16-MJ-555 and |
| Spring, Texas 77379 § | CR ACTION No. 4:16-MJ-556 |
| § | |
| IN RE SEARCH WARRANT § | |
| EXECUTED ON § | |
| April 13, 2016 at § | |
| 194 West Breezy Way § | |
| The Woodlands, Texas 77380 § | |
| § | |
| IN RE SEARCH WARRANT § | |
| EXECUTED ON § | |
| April 12, 2016 at § | |
| Unit C, Uncle Bob's Self-Storage § | |
| 4455 Panther Creek Pines, § | |
| The Woodlands, Texas 77381 § | |

### RESPONSE TO GOVERNMENT'S MOTION FOR RECONSIDERATION AND MOTION FOR EXTENSION OF TIME TO FILE REDACTED AFFIDAVITS

TO THE HONORABLE COURT:

COMES NOW, Justin Smith ("Smith"), through undersigned counsel, and submits this opposition to the Government's June 2, 2016 Motion for Reconsideration and Motion for Extension of Time to File Redacted Affidavits ("Gov't's Mot."). Smith respectfully requests that the Court DENY the Government's Motions as (1) untimely, and (2) substantively meritless. The Court's May 20, 2016 Memorandum, Recommendation, and Order ("MRO") should stand.

### BACKGROUND

As the Court is aware, the Government failed to comply with the Court's directive in the MRO that the Government file by May 27, 2016 redacted versions of the three Search Warrant Affidavits and a supplemental brief justifying the redactions. Instead, the Government filed on

May 26, 2016 a Motion for a Stay, arguing it was entitled not to comply, or at least should be granted an extension of time to comply, because it planned to object to the MRO in the future. The Court denied the Motion for a Stay. (Order Denying Motion to Stay of 06/01/16.) In the June 1 Order, the Court explained that the Government would be allowed to object to the Court's ultimate decision about the extent of access to the Affidavits, i.e., which redactions were justified or not, after the Court made that determination. (*Id.* at 2.) The Court explained further that its Order requiring the Government to file redacted Affidavits and supplemental briefing was "necessary to aid the Court in its determination.…" (*Id.*) In other words, the Government cannot object to the Court's determination about unsealing until the Court reviews proposed redactions and makes its determination. The Government's circular position and its contemptible disregard of the MRO are frivolous. The Court's Order specifically protects the Government's position, if it chooses to appeal, which it has not.

Now, while simultaneously shirking its obligation to follow the Court's Order, the Government moves for reconsideration of the MRO on the same issues already argued by both sides. The Government will not take no for an answer.

## ARGUMENT

I.     **THE COURT SHOULD DENY THE MOTION FOR RECONSIDERATION.**

In its Motion for Reconsideration the Government takes issue with the Court's reasoned determination that, in accordance with the Fourth Circuit's conclusion in *Baltimore Sun v. Goetz*, 886 F.2d 60 (4th Cir. 1989), "the public has a qualified common law right of access to affidavits supporting search warrants when a pre-indictment investigation is underway." (MRO, 4.) The Government asserts that the Court should not have relied upon *Baltimore Sun* because that court

used the First-Amendment-right-of-access standard, not the common-law-right-of-access standard, and thus the opinion is "flawed." (Gov't's Mot., 3.)

First, the Government is wrong about the Fourth Circuit's holding. The *Baltimore Sun* court did not apply the First Amendment access standard. It held, "Although the press and public *do not* have a first amendment right of access, they have a *qualified common law right of access*." *Id.*, 886 F.2d at 62 (emphasis added).[1]

Second, the Court in its MRO properly adopted the reasoning of the *Baltimore Sun* court that the determination whether the public should be given access to warrant papers should be left to the judicial officer's sound discretion to make on a case-by-case basis. (MRO, 5-7.) The *Baltimore Sun* court held further:

> [U]nder the common law the decision to grant or deny access is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312, 55 L.Ed.2d 570 (1978).
>
> …
>
> [I]n accordance with the principles explained in *Nixon*, 435 U.S. at 599, 98 S. Ct. at 1312, *the common law qualified right of access to the warrant papers is committed to the sound discretion of the judicial officer who issued the warrant*. Taking into consideration, as *Nixon* requires, all of the relevant facts and circumstances, the officer may file all or some of the papers under seal for a stated time or until further order. Or, as frequently is done, he may conclude that the circumstances do not justify secrecy. The judicial officer's decision to seal, or to grant access, is subject to review under an abuse of discretion standard.

---

[1] In support of its argument that the *Baltimore Sun* court applied the wrong standard, the Government points out that that court cited *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984), and *In re Washington Post Co.*, 807 F.2d 383 (4th Cir. 1986), which addressed the First Amendment right of access. (*See* Gov't's Mot., 4.) But the *Baltimore Sun* court cited those cases to describe the procedures the judicial officer is obligated to follow when determining the extent of access. *See id.*, 886 F.2d at 65-66. The Court unfailingly complied with these procedures in the MRO.

*Id.* at 64, 65 (footnotes omitted & emphasis added). This Court concluded that *Baltimore Sun* is most consistent with Supreme Court and Fifth Circuit law.[2] (MRO, 7 (citing *Nixon*, *Howard Johnson Co. v. Hotel Employees*, 417 U.S. 249 (1974), and *SEC v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993).) "*Baltimore Sun*'s fact-sensitive approach is consistent with the qualified nature of the right of access and the accretive common-law process from which it derives." (MRO, 6.) There is nothing "flawed" about either *Baltimore Sun* or this Court's decision.

Here, the Government repeats its argument that "[d]isclosure of the search warrant affidavits would reveal to [Smith] the scope, status, and direction of the investigation, and the investigatory techniques being used" (Gov't's Mot., at 10), bolstered by its now-discredited claim that "the United States has obtained evidence that Smith has attempted to conceal and destroy the very evidence that was sought by the search warrants he now wants to unseal" (*id.*). A specific allegation of destruction of evidence was made by Special Agent Cory L'Heureux ("SA L'Heureux") and repeated by Assistant United States Attorney Justin Martin ("AUSA Martin"). They falsely represented to counsel this evidence was on video tape. As discussed further below, SA L'Heureux has now admitted that there was never evidence that Smith destroyed or attempted to destroy documents, and has conceded that there is no video-recorded proof of this bogus claim. Counsel can only speculate as to the Government's sworn positions in the Affidavits.

Finally, the Government argues that redaction of the Affidavits is impractical because so much content would need to be redacted as to leave only "boilerplate information that would be useless to Smith." (*Id.* at 10-11.) Such a determination is not for the Government but for the

---

[2] The Government's restated argument for the bright-line rule adopted by the Ninth Circuit in *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989) (Gov't's Mot., 6), was expressly rejected by the Court.

Court to make, if at all. If, as the Government seems to expect, the Court were to accept each of the redactions in each of the three Affidavits, then it would be for the Court to conclude whether anything remained to warrant unsealing them in redacted form. That is a bridge the Court will certainly cross—but cannot do so until the Government complies in the first instance with the Court's Order. The Court invited—indeed, ordered—the Government to file along with the redacted Affidavits "a supplemental brief justifying each redaction." (MRO, 16.) Arguments about the extent of the redactions should be made there. In any event, by confessing the existence of discoverable boilerplate language, the Government concedes both that it has willfully violated this Court's Order and that it has no legal justification for total secrecy.

The Court's MRO was thoughtful, well-reasoned, and balanced. The Government's Motion for Reconsideration of the MRO should be denied.

## II. THE COURT SHOULD DENY THE MOTION FOR EXTENSION OF TIME TO FILE REDACTED AFFIDAVITS, AGAIN.

The Government's Motion for Extension of Time to File Redacted Affidavits— apparently seeking extension of time but not including points and authorities in support—should be denied. When it filed its Motion, the Government had had nearly three weeks to comply with the Court's MRO. How much time does the Government need? Its most recent filing "only serve[s] to deprive the Court of its ability to rule on the pending motion to unseal based on a full record" (Order Denying Motion to Stay, at 3), and continues to "delay final resolution of this matter, which [causes] harm [to] both Smith's and the public's interest in this proceeding" (*id.*)

With each new request for deferred- or non-compliance,[3] defense counsel become increasingly concerned that the Government has misrepresented to the Court. Before this Court

---

[3] Smith has attempted in good faith to comply with his duties under the MRO. His attorneys tried to meet with AUSA Martin to discuss the parameters of a mutually agreeable protective

as well as in communications with the undersigned, the Government accused Smith of destroying evidence and claimed he was on video doing so. On June 1, 2016, SA L'Heureux told Smith's attorneys that there is no video or any other evidence of Smith destroying records. Rather, SA L'Heureux stated there is a *photo* showing Smith *moving* documents into a warehouse in broad daylight. SA L'Heureux's retraction causes suspicion as to what was represented to this Court and to Magistrate Judge Frances Stacy prior to issuance of the Search Warrants.[4]

SA L'Heureux negotiated for a meeting between the SA and Smith. Smith's counsel agreed that SA L'Heureux could meet with Smith (with his counsel present), and set up a meeting at a time convenient to the Government that Smith would return from out-of-state business to attend—only to have the meeting canceled pursuant to AUSA Martin's instructions. AUSA Martin has rejected all of the undersigned's attempts to meet, telling counsel to meet and negotiate with SA L'Heureux instead. SA L'Heureux abruptly adjourned the brief meeting counsel finally had with him, unilaterally terminating discussions. The Government's "negotiations" with defense counsel appear to be a subterfuge.

The Government has challenged this Court's authority not only by refusing to comply with the MRO, but also by defying the Court's jurisdiction in arguing that the Court cannot review records and arguments *in camera*. There is no authority allowing it to avoid an in-

---

order, only to have AUSA Martin insist that the Government believes no protective order is necessary. Smith's attorneys also have begun to review the documents seized by the Government to determine which contain attorney-client privileged information.

[4] The destruction-of-evidence allegation itself was alarming, made more so by uncertainty as to whether the alleged act occurred before undersigned counsel were retained, or after. If the alleged destruction occurred after counsel were retained there is a potential conflict in continuing to represent the subject; counsel for both sides remain duty-bound to make this determination and to let the Court and the subject know if there is a conflict. *See Cuyler v. Sullivan*, 446 U.S. 335 (1980). A month after promising to give undersigned counsel the date of the purported act, the Government implied that the alleged destruction of evidence (which now turns out to be alleged moving of records) occurred sometime before execution of the first warrant. Still having no date certain of the alleged misdeed, the question whether there is a conflict is still unresolved.

chambers proffer. The purpose of judicial jurisdiction is to safeguard against government abuse. The government can ask for a warrant, and can execute a warrant—but it cannot suspend the court's continuing authority over its warrant. Even documents involving national security can be reviewed *in camera* pursuant to the court's inherent authority and as part of its judicial review function. *Jifry v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004).

The defense respectfully suggests that the appropriate remedy for AUSA Martin's willful disobedience of two Court Orders is to make a finding of contempt of court—in addition to denying the Government's Motion for an Extension of Time beyond the unilaterally obtained extension it has already acquired. Smith, a private citizen trying to defend himself and his business against governmental invasion, should not be compelled additionally to deal with duplicative and frivolous motions.

## CONCLUSION

For the foregoing reasons, Smith respectfully requests that the Court DENY the Government's Motion for Reconsideration and Motion for Extension of Time to File Redacted Affidavits and further find that AUSA Martin is in contempt of Court.

Dated: June 6, 2016

Respectfully submitted,

MICHAEL LOUIS MINNS, P.L.C. d/b/a
MINNS & ARNETT

*/s/ Michael Louis Minns*

Michael Louis Minns
State Bar No. 14184300
Ashley Blair Arnett
State Bar No. 24064833
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

## CERTIFICATE OF SERVICE

    This is to certify that on this the 6th day of June 2016, a true and correct copy of the above and foregoing instrument was served upon AUSA Martin via fax (713) 718-3300 and email: justin.r.martin@usdoj.gov.

                                                  */s/ Ashley Blair Arnett*
                                                  Ashley Blair Arnett