UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THREE SEALED SEARCH WARRANTS | CASE NO.   H 16-409 M<br><br>Consolidated with:<br>H 16-555 M<br>H 16-556 M |

### REPLY IN SUPPORT OF APPEAL OF MEMORANDUM AND ORDER AND MEMORANDUM, RECOMMENDATION, AND ORDER

The United States of America, by and through its undersigned attorney, respectfully submits the following reply in support of its appeal of the Magistrate Judge's Memorandum and Order, entered July 18, 2016 (Dkt. No. 26) ("July 18 Order"),[1] and the Memorandum, Recommendation, and Order, entered May 20, 2016 (Dkt. No. 15) ("MRO").

### 1.     Movant Is Engaged In A Fishing Expedition For Discovery

Despite Movant's repeated denials, it is readily apparent that Movant is requesting access to the search warrant affidavits in order to engage in a fishing expedition for discovery. This is due to the fact that both purported justifications Movant has provided to the Court to explain why he needs access to the search warrant affidavits have failed. In Movant's original Motion to Unseal, filed April 12, 2016, Movant asserted that he needed access to the search warrant affidavits "to enable [Movant] to determine if he should challenge the warrant, and ultimately to attempt to suppress evidence." Mot. to Unseal at 7. However, as the United States noted in its

---

[1] Movant's Response claims that the government "mistakenly" referred to the Memorandum and Order, docket number 26, as the "July 18 Order," see Mov. Resp. at 1 n.1, despite the fact that the order was entered on the docket and served to the parties on July 18, 2016. If Movant wishes to refer to the order by the date it was signed, July 15, 2016, that is his prerogative. However, the government was not mistaken.

prior briefs, the Fifth Circuit has held that an individual may not seek to suppress evidence at the pre-indictment stage of an investigation, and that a motion for return of property under Federal Rule of Criminal Procedure 41(g) (then-Rule 41(e)) provides an aggrieved party's only pre-indictment remedy. See In re Grand Jury Proceedings, 115 F.3d 1240, 1245 (5th Cir. 1997) ("Rules 41(e) and (f) together provide that Appellees' only remedy for the search and seizure prior to indictment was to seek a Rule 41(e) motion for the return of property.").

Subsequently, in Movant's Response filed on August 11, 2016, Movant changed course and now claims he needs the search warrant affidavits in order to "make a determination if he wants to challenge the issuance of the warrant and/or file a motion for return of property." Mov. Resp. at 8. However, this argument also fails because Movant has already filed a motion for return of property, and Movant was provided reasonable access to the seized documents to review and copy. See MRO at 13 ("In light of the Court's order that the Government permit Smith to access those documents and make copies of them, the Court rejects this claim of irreparable injury."). Moreover, Movant did not file any objections to the Magistrate Judge's ruling on this issue. Accordingly, Movant's purported need for the search warrant affidavits is disingenuous. Also, contrary to Movant's claim on page 10 that his business has been "essentially" shut down, Movant's business is continuing its operations.

2. There Is No Fourth Amendment Right Of Access

The Fifth Circuit has clearly stated that there is no Fourth Amendment right of access to search warrant materials:

> [W]hile this court has not yet determined whether the issuance of a search warrant combined with a sealed affidavit constitutes a violation of the Fourth Amendment, the Seventh Circuit has expressly affirmed the practice. See In Re Eyecare Physicians of America. The Seventh Circuit observed that 'no provision within the Fourth Amendment grants a fundamental right of access to sealed search

warrant affidavits before an indictment.' *This court ordinarily abides by the decisions of our sister circuits, and we do so with respect to this sensible decision.*

In re Grand Jury Proceedings, 115 F.3d at 1246 (emphasis added, internal citations omitted).

In an effort to undermine this Fifth Circuit decision, Movant cites to an unreported case from the Eastern District of Louisiana, Al-Dahir v. Northrop Grumman Info. Tech., 2008 WL 4470514, at *6 (E.D. La. Sept. 26, 2008). However, Movant fails to point out that the court in Al-Dahir denied the motion to unseal the search warrant affidavits because it held that the movant did not have a Fourth Amendment or Fifth Amendment right of access, noting: "courts have long been willing to shroud criminal investigations in secrecy, and to seal, redact, and withhold information from the public and even potential criminal defendants, in order to protect law enforcement's ability to investigate crimes effectively." Id. at *5-6.[2]

**3.    Baltimore Sun Applied The Incorrect Standard**

Movant challenges the United States' argument that Baltimore Sun Co. v. Goetz, 886 F.2d 60 (4th Cir. 1989), incorrectly applied the First Amendment right of access standard to its analysis under the qualified common law right of access. In support of his argument, Movant points to the fact that Baltimore Sun "expressly held there was no First Amendment right of access." Mov. Resp. at 5. However, Movant misses the point entirely. Because Baltimore Sun

---

[2] Perhaps in recognition of the weakness of his substantive arguments, Movant consistently resorts to false *ad hominem* accusations. For example, Movant's Response at pages 15-16 states that the undersigned "told Smith's attorney's [*sic*] that Smith was on videotape destroying evidence. This turned out to be a total fabrication," and again at page 21, "the AUSA and SA falsely represented to counsel this evidence of Smith supposedly destroying evidence was on videotape." However, as the attorneys for Movant know full well, the undersigned has never stated to them that the United States had a videotape of Movant destroying evidence. In fact, when the undersigned became aware that the attorneys for Movant were under this mistaken impression, the undersigned told attorney Michael Minns by telephone that this was not the case. Movant's attorneys' "confusion" on this issue is particularly strange in light of the fact that they were provided screen shots from the video more than two months ago as a courtesy. Accordingly, it is inexplicable that the attorneys for Movant continue to repeat these false claims in filings with the Court.

correctly held that there is no First Amendment right of access to sealed search warrant affidavits, it was error for that opinion to apply the much higher First Amendment compelling interest/narrowly tailored standard when conducting its analysis under the common law right of access.

In addition, Movant cites a number of cases in support of the Baltimore Sun decision. However, United States v. Account Services, Inc., 643 F. Supp. 2d 577, 584 (S.D.N.Y. 2009) is yet another case applying the First Amendment right of access standard. See id. (citing Lugosch v. Pyramid Co., 435 F.3d 110, 123 (2d Cir. 2006)); Lugosch, 435 F.3d at 124 ("We therefore conclude that there exists a qualified First Amendment right of access to documents submitted to the court in connection with a summary judgment motion."). Also, in In re Four Search Warrants, 945 F. Supp. 1563, 1568 (N.D. Ga. 1996), the court did disclose a redacted search warrant. However, the court based its decision in part on the fact that the criminal investigation into the target of the search warrant had ended, noting "no case has been found where search warrant materials did not remain sealed during the pendency of a criminal investigation." See id. Lastly, as the United States noted in its initial motion at page 20, the court in In re Semtex Indus., 876 F. Supp. 426, 429 (E.D.N.Y. 1995) denied the motion to unseal the search warrant affidavit.[3]

---

[3] Movant's attorneys also falsely claim that the United States requested SW#2 and SW#3 "with full knowledge of [Movant's] attorney-client privilege concerns," and "[Movant's] attorneys had also expressed to AUSA Martin their concerns that the Government had already violated attorney-client privilege by seizing items known to be privileged." Mov. Resp. at 2. As discussed in the United States' Sur-reply in Opposition, docket number 12, Movant's attorneys never informed the undersigned about any of their claims regarding the search warrant, other than that they were going to file a motion to unseal, until after SW#2 and SW#3 were executed. Regardless, Movant's claim would be irrelevant even if it were true because the United States has a responsibility to preserve evidence, particularly when it has information that the target of the investigation has attempted to conceal and destroy evidence.

## CONCLUSION

For the reasons articulated above, the United States requests an Order from the Court that requires the search warrant affidavits in all three consolidated cases to remain SEALED.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

/s/ Justin R. Martin_____
Justin R. Martin
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 567-9000

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorney for Movant by the ECF system.

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney