United States District Court
Southern District of Texas
**ENTERED**
August 17, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
|  | § | Criminal Action H-16-MJ-409 |
|  | § |  |
| IN THE MATTER OF THREE | § | Consolidated with: |
| SEALED SEARCH WARRANTS | § |  |
|  | § | Criminal Action H-16-MJ-555 and |
|  | § | Criminal Action H-16-MJ-556 |

### MEMORANDUM OPINION AND ORDER

Pending before the court are objections filed by the United States of America (the "Government") to the Magistrate Judge's Memorandum and Order of July 18, 2016 ("MO"), and the Magistrate Judge's Memorandum, Recommendation, and Order of May 20, 2016 ("MRO"). Dkt. 27. Specifically, the Government objects to the Magistrate Judge's ruling that redacted copies of the sealed search warrant affidavits in this case be unsealed under a common-law right of access to search warrant materials. After considering the original motion to unseal, all responsive briefing, the MO, the MRO, the objections, response, reply, and the applicable law, the court is of the opinion that the Government's objections should be SUSTAINED and the search warrant affidavits at issue should remain under seal.

### I. BACKGROUND

This case relates to three motions to unseal three search warrant affidavits in an investigation which is ongoing and in which no indictments have been returned. Dkts. 6, 15. The search warrants at issue were obtained on March 21, 2016 and April 12, 2016, and executed on March 22, 2016, April 13, 2016, and April 15, 2016. *See* Dkt. 27. These searches were executed at the residence of Justin Smith, a commercial airline hangar owned by companies Smith operates, and a storage unit rented by Smith. Dkts. 6, 15. Smith filed motions to unseal the affidavits, along with other requests.

Dkts. 6, 15.  On May 20, 2016, the Magistrate Judge issued the MRO in which she ordered the Government to file, under seal, redacted versions of the affidavits along with a supplemental brief justifying the redactions.  Dkt. 15.  The Government filed a motion for reconsideration and to extend time to file redacted affidavits on June 2, 2016.  Dkt. 19.  The Magistrate Judge denied that motion on June 6, 2016.  Dkt. 21.  The Government filed the redacted affidavits and supplemental brief for *in camera* review as ordered on June 9, 2016.  Dkt. 22.  The Government redacted most of the substantive text in the affidavits, claiming that the redacted text would reveal tax return information, would reveal confidential sources, or would reveal the scope, status, direction of investigation, and investigatory techniques.  *Id.* & Exs.

On July 15, 2016, the Magistrate Judge entered the MO on the motion to unseal the affidavits.  Dkt. 26.  She found that the Government's redactions were too extensive.  *Id.*  The Magistrate Judge determined that the search warrant affidavits should be unsealed subject to redactions that she determined were appropriate.  *Id.*  The Magistrate Judge attached copies of the affidavits containing her redactions.  *Id.*  She then ordered that the redacted attachments remain under seal for fourteen days to give the Government a chance to object and ruled that if the Government filed objections, the affidavits would remain under seal until the district court ruled on the objections.  *Id.*  The Government timely filed its objections, which are now before this court. Dkt. 27.  The redacted affidavits remain under seal.

## II.  LEGAL STANDARD

Under Federal Rule of Criminal Procedure 41(b), a "magistrate judge with authority in the district — or if none is reasonably available, a judge of a state court of record in the district — has

authority to issue a warrant to search for and seize a person or property located within the district."
Fed. R. Crim. P. 41(b)(1).  A warrant may be issued for the following reasons: "(1) evidence of a
crime; (2) contraband, fruits of crime, or other items illegally possessed; (3) property designated for
use, intended for use, or used in committing a crime; or (4) a person to be arrested or a person who
is unlawfully restrained."  *Id.* 41(c).  In order to obtain a warrant, a federal law enforcement officer
or government attorney seeking the warrant provides an affidavit or other information to the
magistrate judge.  *Id.* 41(d)(1).  The magistrate judge "must issue the warrant if there is probable
cause to search for and seize a person or property."  *Id.*  After the warrant is executed, the officer
must return the warrant and a copy of the inventory of property seized to the issuing magistrate
judge.  *Id.* 41(f).  If a party feels he or she is "aggrieved by an unlawful search and seizure of
property or by the deprivation of property," he or she may move for the property's return.  *Id.* 41(g).

 In this case, the government sought to seal the search warrants and supporting affidavits, and
the magistrate judge granted the government's request.  A magistrate judge has "power to control
access . . . under the 'additional duties' prong of the Federal Magistrates Act."  *In re Application of
the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 289 (4th Cir. 2013).
The additional duties prong states that a "magistrate judge may be assigned such additional duties
as are not inconsistent with the Constitution and laws of the United States."  28 U.S.C. § 636(b)(3).
A magistrate judge's power to seal and unseal derives from the district court's power to seal and
unseal documents.  *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section
2703(D)*, 707 F.3d at 289.  District courts may seal and unseal documents under their inherent
powers to achieve justice.  *See ACLU v. Holder*, 673 F.3d 245, 256 (4th Cir. 2011) (discussing the

extent of district courts' inherent powers and specifically addressing the category of powers that enable district courts to seal a complaint and docket sheet).  The district courts reviews a magistrate judge's decisions under the additional duties prong de novo.  *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 289.

### III.  ANALYSIS

The Magistrate Judge held that Smith had a common-law right of access to the affidavits supporting the search warrants.[1]  Dkt. 15.  She correctly noted that the public has a qualified right of access under the common law to judicial records and that restricting access should be done sparingly and with caution.  *Id.* (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978), and *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)).  She then noted that courts are divided on whether the right extends to a pre-indictment investigation that is still ongoing.  *Id.* (citing *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989), and *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989)).  After analyzing these cases and noting that the Fifth Circuit has not addressed this issue, the Magistrate Judge held that "the public has a qualified common-law right to access the affidavits supporting search warrants when a pre-indictment investigation is underway."  *Id.*  The Government objects to this holding.  Dkt. 27.

The court will start with the Fifth Circuit's general guidance in *Van Waeyenberghe*.  In *Van Waeyenberghe*, the Fifth Circuit considered an appeal of two district court orders sealing a transcript

---

[1] While the parties present arguments relating to access under the First Amendment and Rule 41, the court focuses on the common law right since the Magistrate Judge based her ruling on the common law right.

4

Case 4:16-mj-00409   Document 31   Filed in TXSD on 08/17/16   Page 5 of 9

and a final injunction order.  990 F.2d at 847.  The court noted that "[c]ourts have recognized that the public has a common law right to inspect and copy judicial records" but that the "public's common law right is not absolute."  *Id.* at 848 (citing *Nixon*, 435 U.S. at 597).  Courts may deny access when "'court files might . . . become a vehicle for improper purposes.'"  *Id.* (quoting *Nixon*, 435 U.S. at 598).  The Fifth Circuit instructed that, "[i]n exercising . . . discretion to seal judicial records, [courts] must balance the public's common law right of access against the interests favoring nondisclosure."  *Id.*  The court cautioned that the district courts should exercise their discretion in sealing records of judicial proceedings "charily."  *Id.* (citing *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)).

The Fourth Circuit's opinion in *Baltimore Sun* deals directly with how this discretion should be applied when a news agency requests that a court unseal a search warrant affidavit before an indictment has been issued.  The Fourth Circuit considered an appeal by the publisher of the *Baltimore Sun* newspaper, which sought to unseal a search warrant affidavit under both the First Amendment and the common law.  888 F.2d at 62.  Both the magistrate and district court judges had denied the request to unseal.  *Id.*  These judges concluded that "the public's interest in effective criminal investigation outweighed the Sun's interest in publication of the affidavit and that release of the affidavit could hamper the ongoing criminal investigation."  *Id.*  While the appeal was pending, the investigation led to indictments after which the magistrate unsealed the affidavit.  *Id.*

The Fourth Circuit held that there was no First Amendment right of access to a pre-indictment search warrant affidavit but that the public did have a common law right of access.[2]  *Id.* The court reasoned that the search warrant affidavit was a judicial record and that "the common law right of access to the warrant papers is committed to the sound discretion of the judicial officer who issued the warrant."  *Id.* at 65.  It held that the lower courts' conclusory determinations that sealing was necessary because "public interest in the investigation of crime outweighed the Sun's interest in access prior to return of the indictments" was insufficient and that more specificity was necessary. *Id.* at 66.  The court instructed that, for a district court to "make findings and conclusions specific enough for appellate review, the district court must examine the affidavit when considering a magistrate's order" and "independently determine the question of abuse."  *Id.*

In *Times Mirror Company*, the Ninth Circuit reached a different conclusion.  Times Mirror Company claimed that it had a qualified right of access under the First Amendment, common law, and Federal Rule of Criminal Procedure 41(g), to search warrants and supporting affidavits relating to an ongoing investigation.  873 F.2d at 1211.  With regard to the First Amendment, the Ninth Circuit, like the Fourth Circuit, found that there was "no historical tradition of open search warrant proceedings and materials" and that "the experience of history implies a judgment that warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing."  *Id.* at 1214.

---

[2]  The Fourth Circuit determined that the case fell "within the exception to the mootness rule which permits judicial review when the dispute is 'capable of repetition, yet evading review.'"  886 F.2d at 63 (quoting *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S. Ct. 279 (1911)).

With regard to the common law, the Ninth Circuit acknowledged that there is a right founded in the common law "'to inspect and copy *public* records and documents, including judicial records and documents'" but that "'the right to inspect and copy judicial records is not absolute.'" *Id.* at 1218 (quoting *Nixon*, 435 U.S. at 598). It noted that the right does not extend to documents when "neither a history of access nor an important public need justif[ies] access." *Id.* at 1219. The court determined that if a preindictment investigation is ongoing, the "ends of justice would be frustrated, not served, if the public were allowed access to warrant materials in the midst of a preindictment investigation into suspected criminal activity." *Id.*

The Eighth Circuit has also considered whether a news organization is entitled to a search warrant affidavit under both the common law and the First Amendment. In *In re Search Warrant for Secretarial Area Outside Office of Gunn*, the Eighth Circuit similarly considered a final order of a district court denying a news organization's request to unseal affidavits and other materials attached to forty search warrants. 855 F.2d 569, 570 (8th Cir. 1988). The request to unseal was filed pursuant to Federal Rule of Criminal Procedure 41. *Id.* at 571. In denying the opposed portion of the motion, the district court had determined that "in general, the public and press have a right to immediate access to documents filed in court that is based upon both the common law and the first amendment." *Id.* It noted, however, that the right was "not absolute" and that "access could be restricted if the restriction was necessary to protect a compelling government interest and was narrowly tailored to serve that interest." *Id.* The district court held that unsealing the affidavits "would prejudice the government's ongoing investigation by identifying as-yet-unnamed targets, by revealing the scope, status and direction of the investigation, by affording individuals the opportunity

to tailor their testimony and destroy documents and other evidence, and by prematurely disclosing the existence of wiretaps and other investigatory tools." *Id.* The district court further noted that "redaction on a line-by-line basis was impracticable because of the complex and interrelated nature of the allegations and the large number of individuals and activities involved." *Id.*

The Eighth Circuit recognized a qualified First Amendment right of access to the papers and noted that the "party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling government interest." *Id.* The court determined that the documents should remain under seal because "restricting access to these documents is necessitated by a compelling government interest–the on-going investigation." *Id.* It pointed out that the documents described the scope of the investigation and pointed to specific individuals and projects and that there was "a substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released." *Id.* at 574. The court also agreed that line-by-line redaction was not practicable. *Id.*

Here, the court has reviewed the unsealed affidavit in Cause Number 16-mj-409 and the corresponding affidavits that were redacted by either the Government or, line by line, by the Magistrate Judge, and the court finds that there is a substantial probability that the investigation will be compromised if the affidavit is unsealed. Moreover, even if the court believed the redactions were sufficient, the Fifth Circuit has not addressed whether there is a common law right of access to a warrant affidavit while an investigation is ongoing. The court is reticent to create such a right, absent Fifth Circuit guidance, when there is clearly a circuit split as to whether it is appropriate to allow access during an ongoing investigation and, as the Ninth Circuit noted, "the experience of

history implies a judgment that warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing." The court also, like the Ninth Circuit, has concerns that the "ends of justice would be frustrated, not served, if the public were allowed access to warrant materials in the midst of a preindictment investigation into suspected criminal activity." Additionally, the court finds that it is impractical and a waste of judicial resources for magistrate judges to be required to conduct a line by line review of warrant affidavits to determine what information should be unsealed, particularly since the government officials conducting the investigation are better equipped to determine what disclosures could be detrimental to the investigation. The court notes that this holding is limited to investigations that can reasonably be deemed ongoing. The court expresses no opinion as to whether there is a common law right of access when the preindictment investigation appears to have stalled.

## IV. CONCLUSION

The Government's objection to unsealing the search warrant affidavits is SUSTAINED, and the Magistrate Judge's ruling is REVERSED. The MRO, its attachments, and the affidavit shall remain under seal while the investigation is ongoing.

Signed at Houston, Texas on August 17, 2016.

_____
Gray H. Miller
United States District Judge