UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THREE SEALED SEARCH WARRANTS | CASE NO.   H 16-409 M<br><br>Consolidated with:<br>          H 16-555 M<br>          H 16-556 M |

### SUR-REPLY TO MOTION FOR RETURN OF SEIZED PROPERTY

The United States of America, by and through its undersigned attorney, respectfully submits the following sur-reply to the motion for return of seized property filed on June 2, 2017 by Attorney Seth Kretzer, the Receiver appointed by the 107th District Court of Cameron County.

Earlier today, the Receiver filed a Reply to the United States' response brief at ECF No. 46. The Reply states, "[a]t 1:00 p.m. today, Counsel spoke to AUSA Martin, who states the Government will still not make the flight logs available because he reads the clause, 'orders the parties to confer . . . if they have reached a resolution of this matter,' as requiring Justin Smith's assent insofar as Smith is a 'party.'"

In fact, the undersigned called the Receiver at approximately 1:00 p.m. today to confer in accordance with the Court's Order, ECF No. 45. The Receiver asked if the United States was prepared to provide him with access to the flight logs. The undersigned asked the Receiver if he had consulted Justin Smith's attorney since receiving the Court's Order issued at ECF No. 45. The Receiver stated he had not. The undersigned informed the Receiver that the United States understood the Court's Order to include Justin Smith as a "party" who should be conferred with. Also, the undersigned stated that the position of the United States, which was clearly described in

its Response brief, ECF No. 40, remained the same: that it could not provide a third party access to the flight logs without the consent of the taxpayer pursuant to § 6103(c), or a court order pursuant to § 6103(h)(4)(A). The Receiver stated that he would file a notice to the Court that the Receiver and the United States conferred and that a Court order was necessary. The undersigned reiterated that the position of the United States was that Attorney Minns should be consulted prior to advising the Court.

Subsequently, the undersigned contacted Minns by telephone. Minns stated that he remained opposed to the disclosure of flight logs. The undersigned then contacted Kretzer and informed him that I had spoken to Minns and that he was still opposed to the disclosure.

## ARGUMENT

The United States has not been presented with sufficient information to form a conclusion as to whether the Receiver's claims are correct under the law that "1) Justin Smith has no property interest in the flight logs," and "Under the turnover order, all property of JG GP LLC belongs to the Receiver."

However, even if the Receiver's claims are correct, the flight logs for the 2008 Pilatus PC-12 47E ("the Aircraft") are still arguably return information pursuant to § 6103(b)(2)(A), because they are "any other data . . . collected by the Secretary . . . with respect to the determination of the existence, or possible existence, of liability." Moreover, during the Receivers' search for the flight logs that pertain to the Aircraft, the Receiver and his associates will not just be exposed to the flight logs for the Aircraft—they will be exposed to all of the flight logs, including those pertaining to other aircraft over which the Receiver makes no claim of ownership. This is due to the fact that, as explained in the United States' Response brief (ECF No. 40), the flight logs are not organized by airplane and cannot be segregated.

Under these circumstances, the United States does not believe that it has the authority to disclose the flight logs to a party, other than the taxpayer, unless either (1) Justin Smith consents to the disclosure pursuant to § 6103(c), or (2) the Court issues an order authorizing the disclosure pursuant to § 6103(h)(4)(A).

                                          Respectfully submitted,

                                          ABE MARTINEZ
                                          Acting United States Attorney

                                          /s/ Justin R. Martin_____
                                          Justin R. Martin
                                          Assistant United States Attorney
                                          1000 Louisiana Street, Suite 2300
                                          Houston, Texas 77002
                                          (713) 567-9000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorney for Justin Smith, and the Receiver by the ECF system.

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney