UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THREE SEALED SEARCH WARRANTS | CASE NO.  H 16-409 M<br><br>Consolidated with:<br>         H 16-555 M<br>         H 16-556 M |

### UNITED STATES' BRIEF IN LIGHT OF FIFTH CIRCUIT OPINION

The United States of America, by and through its undersigned attorneys, respectfully submits the following brief in light of the Fifth Circuit opinion in *United States v. Sealed Search Warrants*, 868 F.3d 385 (5th Cir. 2017).

### BACKGROUND

In March and April of 2016, the United States obtained and executed three search warrants of Justin Smith's home, business, and storage unit. On the government's motion, all three search warrants were sealed when they were obtained. Subsequently, while the government's investigation was ongoing, Smith filed motions to unseal the three affidavits in support of the search warrants, and the United States filed responses in opposition. In response to Smith's motions, the Magistrate Judge held that Smith and the public had a pre-indictment qualified common law right of access to the search warrant affidavits. The Magistrate Judge then submitted versions of the affidavits with line-by-line redactions conducted by the Court, and ordered that the redacted versions of the affidavits would be unsealed unless the United States objected to the District Court. On July 29, 2016, the United States submitted its objections regarding the Magistrate Judge's decision to this Court. (Docket No. 27).

On August 17, 2016, this Court sustained the United States' objections, reversed the Magistrate Judge, and ordered that the search warrant affidavits remain sealed. In support of its ruling, the Court noted that the government's investigation against Smith was ongoing, and that "there is a substantial probability that the investigation will be compromised if the affidavit is unsealed." *See* Memorandum Opinion and Order, Docket No. 31, at 8. Smith appealed this decision to the Fifth Circuit.

On August 21, 2017, the Fifth Circuit issued an opinion that vacated this Court's ruling. The Fifth Circuit held that the public had a qualified common law right of access to pre-indictment search warrant materials, *Sealed Search Warrants*, 868 F.3d at 390; the Circuit then remanded the case back to this Court for further factual findings in light of its decision. *Id.* at 397-98.

**ARGUMENT**

1. **The Search Warrant Affidavits Should Remain Sealed Because the United States' Interest in Nondisclosure Outweighs the Public Common Law Right of Access**

    a. The *Van Waeyenberge* balancing test

As noted above, the Fifth Circuit held that the public has a qualified common law right of access to pre-indictment search warrant materials. *Sealed Search Warrants*, 868 F.3d at 390. Moreover, the decision of whether access should be granted is left to the discretion of the District Court, upon consideration of "the relevant facts and circumstances of the particular case." *Id.*

In order to determine whether to grant the public access to a judicial record, the District Court "must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* at 393. The District Court must then explain its factual findings and conclusions in the context of this balancing test with enough specificity for appellate review. *See id.* at 397. However, the District Court is not required to conduct an "exhaustive assessment," nor is it required to make "detail[ed] factual findings on each line of [the] affidavit." *Id.*

The Circuit noted that there is a "presumption in favor of the public's common law right of access to court records," and that "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." However, the Circuit's decision also recognized that the Fifth Circuit has expressly rejected assigning a particular weight to the presumption of access. *See id.* at 393-94; *see also S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 n.4 ("While other circuits have held that there is a strong presumption in favor of the public's common law right of access to judicial records, we have refused to assign a particular weight to the right.").

Accordingly, the search warrant affidavits in this case should remain sealed because the government's interest in nondisclosure outweighs the public's common law right of access. To this date, the investigation of Justin Smith remains an ongoing investigation that is progressing and has not stalled, and it is exceedingly rare for a court to order the government to disclose a search warrant affidavit during an ongoing investigation.[1]

---

[1] *See, e.g.*, *Bennett v. United States*, 2013 WL 3821625 (S.D. Fla. July 23, 2013) (court denied motion to unseal search warrant affidavit, noting "potential prejudice to an ongoing criminal investigation represents a compelling government interest that justifies the closure of judicial records"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (court denied motion to unseal search warrant affidavit, noting "the compelling governmental interest in the ongoing investigation would justify sealing the affidavit until the conclusion of the investigation"); *In Re Search of Office Suites for World & Islam Studies*, 925 F. Supp. 738, 743 (M.D. Fla. 1996) (court denied motion to unseal search warrant affidavit, noting "[t]he affidavits contain the identifications of individuals that are subjects of the Government's investigation. They state, at length, the scope and direction of its investigation. References to cooperating witness(es) are made throughout the documents. All of these factors support a finding that the Government's ongoing investigation would be frustrated if the affidavits were to be unsealed"); *In re Flower Aviation of Kansas*, 789 F. Supp. 366, 368 (D. Kan. 1992) (court denied motion to unseal search warrant affidavit, noting "the court finds that a criminal investigation is ongoing and that while the search warrants in issue have already been executed, the identities of various persons mentioned in the affidavits should be kept confidential to protect their privacy interests and safety. This is especially true because an indictment has not been issued in this matter"); *In re Macon Tel. Pub. Co.*, 900 F. Supp. 489, 492–93 (M.D. Ga. 1995) (court denied motion to unseal search warrant affidavit in part because of potential to jeopardize ongoing criminal investigation).

Indeed, unsealing the search warrant affidavits would prejudice the government's ongoing investigation, by (1) identifying as-yet unnamed confidential sources of information, (2) revealing the scope, status and direction of the investigation, (3) affording individuals the opportunity to tailor testimony, and destroy documents and other evidence, and (4) prematurely disclosing the existence of investigatory tools. The following two sections explain how these interests weigh in favor of the United States' interest in nondisclosure for the purpose of the Court's findings regarding the *Van Waeyenberghe* balancing test:[2]

      b.      <u>The interest in preserving confidential sources of information</u>

The government has a strong interest in preventing public disclosure of its witnesses and confidential sources of information. Law enforcement personnel use details provided by cooperating witnesses, confidential informants, undercover agents, and other sources of information, to obtain evidence and evaluate the accuracy and credibility of witnesses. This function would be seriously undermined if the information in the affidavits were publicized. Identifying information about confidential sources creates a significant chilling effect on the government's ongoing investigation. *See In re Colombia/HCA Healthcare Corp.*, 971 F. Supp. 251, 252 (W.D. Tex. 1997).

For example, if the sealed redacted affidavit filed by the Magistrate Judge as exhibit 2 to the July 18, 2016 Order, Docket No. 26 ("the July 18 Order"), was provided to Smith, the information revealed in paragraphs 6, 21-29, 35, 36, 38, and 41(f), would help Smith identify the

---

[2] The United States believes the Court can satisfy the level of specificity required by the *Van Waeyenberghe* balancing test without revealing any sensitive information from the affidavits. However, to the extent the Court's findings would reveal sensitive information from the affidavits, the United States requests that the Court file its findings under seal. *See Sealed Search Warrants*, 868 F.3d at 397 n.5 ("To the extent that the district court would have difficulty explaining its reasoning without disclosing sensitive information from the affidavits, it may file its reasoning under seal.").

sources of information in the affidavits. *See* Mot Submitting Redacted Affidavits and Supplemental Brief, Docket no. 22, at 3 (June 9, 2016).[3] Courts have consistently recognized the government's strong interest in ensuring the continued cooperation of potential witnesses. In every case, there is a risk of witness harassment by the target(s) of the search and their known and unknown associates. There is also the practical threat that a potential witness will be discouraged from providing further cooperation or information due to fear of publicity or harassment by the media.

  c. <u>The interest in preserving the scope, status, direction of the investigation, and investigatory techniques</u>

Disclosure of the search warrant affidavits would reveal the scope, status, and direction of the investigation, and the investigatory techniques being used. This would give Smith the opportunity to conceal, destroy, alter, or fabricate evidence. Moreover, in this case there is a heightened concern because the United States has obtained evidence that Smith has attempted to conceal and destroy the very evidence being sought by the search warrants he now wants to unseal. If Smith were to obtain access to the search warrant affidavits in this case, he would be given a roadmap to further obstruct the IRS-CI investigation. As another example, if the sealed redacted affidavit filed by the Magistrate Judge as exhibit 2 to the July 18 Order was provided to Smith, the information revealed in paragraphs 6-29, 31-36, 38, 41(e)-(f), and 46 would help Smith identify the scope, status, and direction of the investigation, and the IRS's investigatory techniques. *See* Mot Submitting Redacted Affidavits and Supplemental Brief, Docket no. 22, at 3 (June 9, 2016).

---

[3]  The Court can find a description of the confidential information contained in each paragraph of each search warrant affidavit at pages 2-4 of the sealed, ex parte Motion Submitting Redacted Affidavits and Supplemental Brief, filed June 9, 2016, docket number 22.

**2.　Unsealing Redacted Affidavits Is Not An Appropriate Remedy In This Case**

As the Court can see, after redacting all information related to witnesses, confidential sources of information, scope, status, and direction of the investigation, and investigatory techniques, the only passages remaining are boilerplate information that would be useless to Smith. Under similar circumstances, courts have held that redaction is not an appropriate remedy. *See Search of Office Suites for World & Islam Studies Enter.*, 925 F. Supp. 738, 743 (M.D. Fla. 1996) (holding that redaction is an insufficient alternative for protecting the government's interests in non-disclosure, and stating "[t]he court has serious concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search of Eyecare Physicians*, 910 F. Supp. 414, 416 (N.D. Ill. 1996) (affirming decision of Magistrate Judge that "redaction would entail such a large portion of the affidavit that it is not a practical alternative. It is simply not a realistic solution in light of the complexity of the investigation, the interrelatedness of the material contained in the affidavit, the numerous witnesses involved, and the privacy interests at stake"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) ("The volume and specificity of the information included in the [search warrant] affidavit make redaction ineffective at preserving the integrity of the investigation.").

Indeed, under the qualified public common law right of access, the sealing order does not have to be "narrowly tailored" to serve the government's interest in non-disclosure. The Fifth Circuit's opinion noted that the only situation in which a District Court's sealing order must be "narrowly tailored" to serve the government's interest in non-disclosure is in cases involving the First Amendment right of access. *See Sealed Search Warrants*, 868 F.3d at 390 n.1 ("Where . . . the State attempts to deny the [First Amendment] right of access in order to inhibit the disclosure

of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509–10 (1984) ("*Press-Enterprise I*"));[4] *In re Hearst Newspapers*, 641 F.3d 168, 181 (5th Cir. 2011) ("Because there is a *First Amendment right of access* to sentencing proceedings, there is a presumption that they should remain open, absent specific, substantive findings made by the district court that closure is *necessary to protect higher values and is narrowly tailored to serve such goals*." (emphasis added)). Importantly, the Fifth Circuit noted that Smith did not argue that the First Amendment gives him a right of access to the Search Warrant affidavits. *Sealed Search Warrants*, 868 F.3d at 390.

Consequently, where the government's interest in non-disclosure outweighs the public's common law right of access, maintaining the documents completely sealed is appropriate. *See In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (holding "line-by-line redaction of the sealed documents was not practicable"); *In re Columbia/HCA Healthcare Corp.*, 971 F. Supp. at 253-54 (refusing to unseal search warrant affidavit pre-indictment); *In re EyeCare Physicians*, 100 F.3d 514, 519 (7th Cir. 1996) (affirming district court's decision to keep search warrant affidavit completely sealed and rejecting redaction as an alternative). Therefore, the Court should find that redaction is not a practical option in this case, and Order that the search warrant affidavits are to remain completely sealed.

---

[4] As noted in the citation, the Fifth Circuit was quoting a passage from the Supreme Court's opinion in *Press-Enterprise I*, 464 U.S. at 509–10, which involved the First Amendment right of access. *See id.* at 516 (Stevens, J., concurring) ("The constitutional protection for the right of access that the Court upholds today is found in the First Amendment.").

3. **The Court Should Not Apply the Erroneous Standard Articulated in *Baltimore Sun Co. v. Goetz***

In dicta, the Fifth Circuit's opinion cites a Fourth Circuit case, *Baltimore Sun v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989), which held that "[t]he judicial officer may deny access when sealing is 'essential to preserve higher values and is narrowly tailored to serve that interest.'" *See Sealed Search Warrants, 868 F.3d at 393*. However, the standard articulated in *Baltimore Sun* is **not the correct standard** to apply in cases involving the public common law right of access, and it is important to note that the Fifth Circuit did not cite *Baltimore Sun* in its holding, nor direct this Court to apply its erroneous standard on remand. *See Sealed Search Warrants*, 868 F.3d at 393-94 ("For clarity, though, the Court [in *Van Waeyenberghe*] pointed out that the Fifth Circuit has not assigned a particular weight to the presumption in favor of access, unlike some other circuits which have characterized it as 'strong' or others which reduce it to 'one of the interests to be weighed.'").

Indeed, the *Baltimore Sun* opinion incorrectly used the standard governing the First Amendment right of access to judicial records, which actually applies to a narrower class of documents, but places a higher burden on the government to justify non-disclosure. *See In re Hearst Newspapers*, 641 F.3d at 181 ("Because there is a *First Amendment right of access* to sentencing proceedings, there is a presumption that they should remain open, absent specific, substantive findings made by the district court that closure is *necessary to protect higher values and is narrowly tailored to serve such goals*." (emphasis added)). In contrast, the public common law right of access applies to a broader (though still limited) range of documents while placing a lower burden on the government to justify non-disclosure. *See, e.g.*, *United States v. Appelbaum*, 707 F.3d 283, 290-94 (4th Cir. 2013) (discussing the distinction between the common law presumption of access and the First Amendment right of access).

8

Indeed, both of the cases cited by *Baltimore Sun*—*Press-Enterprise I*, and *Washington Post*—were cases applying the *First Amendment* right of access, not the *common law* right of access. *See Press-Enterprise I*, 464 U.S. at 516 (Stevens, J. concurring) ("The constitutional protection for the right of access that the Court upholds today is found in the First Amendment."); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) ("Under the common law, a trial court's denial of access to documents is reviewed only for abuse of discretion. Under the First Amendment, on the other hand, such a denial must be necessitated by a compelling government interest, and . . . narrowly tailored to serve that interest. Because we conclude that the more rigorous First Amendment standard should apply in this context, we hold that the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves." (internal quotations and citations omitted)).

Even the Fourth Circuit, which decided *Baltimore Sun*, has implicitly recognized that opinion's error, although it has not expressly overruled it. In *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988), which was decided two years after *Baltimore Sun*, the Fourth Circuit recognized that the "compelling interest" and "narrowly tailored" standard only applies to the First Amendment right of access, and that the common law right of access had a lower standard to overcome. *See Rushford*, 846 F.2d at 253 ("The common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment."); *see also Appelbaum*, 707 F.3d at 290-94 (decided in 2013, discussing the distinction between the common law presumption of access and the First Amendment right of access, and citing *Rushford*, not *Baltimore Sun*).

## CONCLUSION

For the reasons articulated above, the United States requests an Order from the Court that requires the search warrant affidavits in all three consolidated cases to remain SEALED. The United States also requests that the Court should file its findings under seal to the extent that expressing the findings on the record would disclose the sensitive information in the affidavits.

Respectfully submitted,

ABE MARTINEZ
Acting United States Attorney

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 567-9000

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorney for Justin Smith by the ECF system.

                                              /s/ Justin R. Martin  
                                              Justin R. Martin  
                                              Assistant United States Attorney