UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THREE SEALED SEARCH WARRANTS | § § § § § § | Criminal Action H-16-MJ-409<br>Consolidated with:<br>Criminal Action H-16-MJ-555 and<br>Criminal Action H-16-MJ-556 |

### RESPONSE TO GOVERNMENT'S BRIEF AND ADDITIONAL BRIEFING PER JUDGE MILLER'S NOVEMBER 16, 2017, ORDER

TO THE HONORABLE COURT:

COMES NOW, Justin Smith ("Smith"), through undersigned counsel, and submits this opposition to the Government's December 7, 2017, Brief and additional briefing per this Court's November 16, 2017, Order. Smith respectfully disagrees with the Government which essentially argues around the Fifth Circuit's order and the specific facts of this case. The Court must release something after conducting a balancing test. There are several reasonable alternatives discussed infra. In light of the extensive passage of time the Court should consider, releasing the entirety of the affidavits.

### PREAMBLE

There is a reason why the government would represent to the Magistrate that a target was destroying unique and incriminating records. Just about every Magistrate in America would probably sign a search warrant with those facts. The Special Agent represented to the prosecutor and to the undersigned that he had a picture of Justin Smith destroying records. The problem with the assertion is that it wasn't true. The Special Agent had a picture of Smith moving records on a cart to a safe location which the government raided and seized. The records weren't unique. They

were available to the government without a warrant; a phone call would have sufficed. The government currently, and for most of the last two years, has had actual exclusive possession of the records they represent to this court were destroyed. No private citizen knows what is on the affidavits. They have been sealed for almost two years now. We do know, with near certainty, that a large portion of the three affidavits, perhaps all them, have nothing to do with hiding the identity of an unknown co-conspirator, or the location of records that the target might still be looking for to destroy or alter, claims in the government's brief. We know much of the government position, if not all of it, is false.

## **FACTS**

On March 22, 2016, armed Internal Revenue Service ("IRS") agents raided Smith's business and seized documents, computers, and hard drives, pursuant to a search warrant ("SW No. 1"). The search warrant affidavit, presumably justifying the warrant, was sealed. During the first decade of the undersigned's practice this was an anomaly. Most of the time affidavits were released either with the warrant or shortly thereafter. Gradually, the exception became the rule without judicial or congressional approval. (*See* David Horan, *Breaking the Seal on White-Collar Criminal Search Warrant Materials*, 28 Pepp. L. Rev. 317, 323, 320, 324, 327 (Apr. 15, 2001).

On April 12, 2016, Smith filed a Motion to Unseal the affidavit supporting SW No. 1. On that same day, before another Magistrate Judge, the Government requested two more search warrants ("SW No. 2" and "SW No. 3"). The Government requested these *ex parte* warrants with full knowledge that Smith would be filing the Motion to Unseal SW No. 1 Affidavit, and with full knowledge of Smith's attorney-client privilege concerns. Smith's attorneys had also expressed to AUSA Martin their concerns that the Government had already violated attorney-client privilege by seizing items known to be privileged. Circumstances now inform both parties that privileged

documents were seized.

On April 13, 2016, the Government executed SW No. 2 and SW No. 3, on Smith's residence and his storage unit, respectively. In these three searches the Government seized every single piece of paper controlled or owned by Justin Smith except toilet paper.

On April 15, 2016, Smith filed motions to unseal the search warrant affidavits for SW No. 2 and SW No. 3 and to consolidate the three motions into one proceeding and for return of the irrelevant seized items and personal privileged attorney-client work product. The Motion to Consolidate was granted on April 20, 2016. A "taint team" was established to review the seized documents and items for privilege.

On May 20, 2016, Magistrate Judge Palermo issued a Memorandum, Recommendation and Order ("MRO") directing the Government to file, under seal, for the Court's *ex parte*, *in camera* review, redacted versions of all three search warrant affidavits along with a brief justifying their proposed redactions no later than May 27, 2016. Rather than comply, the Government's response was to file on May 26, 2016, a Motion to Stay, arguing that it was entitled to a stay of the MRO on the grounds that it would "be filing objections" at some unspecified time in the future.

On June 1, 2016, Magistrate Judge Palermo denied the Government's Motion to Stay and again ordered the Government to file under seal, *ex parte*, the redacted affidavits and supplemental brief "without further delay." Little did the Court know, or Smith suspect, a year later the "delay" would still be in its infancy. The Government then filed a Motion for Reconsideration[1] and requested an extension of time to file the redacted affidavits.

---

[1] In the Motion for Reconsideration, the Government argued that if it were required to redact the affidavits to hide all of the dangerous information, all that would be left would be "boilerplate" language that would be "useless" to Smith (Doc. 19, 10). It is not possible to address this argument, as even the "boilerplate" in the affidavits has not been turned over to Smith.

On June 6, 2016, Magistrate Judge Palermo gave the Government until June 10, 2016, to file under seal redacted affidavits and supplemental briefing.

In the MO of July 15, 2016, Magistrate Judge Palermo rejected the Government's arguments that keeping the affidavits sealed was necessary to prevent disclosure of return information[2] and to avoid interference with an ongoing investigation. (*Id.* at 8, 10.) The Government's request for broad redactions of confidential information and names of witnesses was further rejected as "excessive." Some redactions were found suitable.

On June 29, 2016, the Government appealed to this District Court. On August 17, 2016, this Court sustained the Government's objections and reversed Judge Palermo essentially adopting the reasoning of the Ninth Circuit Case *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989). Justin Smith appealed this Court's August 17, 2016, ruling and on August 21, 2017, the Fifth Circuit issued an opinion vacating this Court's order and remanding the case back to this Court for further factual findings.

The blowback from the intensive investigation destroyed millions of dollars in equity for Smith and his investors and led to the loss of employment for all employees.

## **LEGAL HISTORY**

Prior to the Fifth Circuit's ruling in *U.S. v. Sealed Search Warrants*, 868 F.3d 385 (5th Cir. 2017), there were two clearly distinguishable lines of legal authority on the common law right of access to public records.

The Supreme Court's ruling in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S. Ct. 1306, 55 L.Ed.2d 570 (1978) made clear the presumption in favor of disclosure.

---

[2] This argument is shameful. The statute was not intended to deny a taxpayer access to his own tax records.

On the specific issue of pre-indictment discovery of the required affidavits submitted for Fourth Amendment search warrants, for civil purposes, there were two distinctly different rules of law. Both the Magistrate and the District Court acknowledged this before the decision of the Fifth Circuit in August 2017. This Court specifically deferred to the Fifth Circuit for direction.

The majority circuit opinions unanimously from the Fourth Circuit in *Baltimore Sun v. Goetz*, 886 F.2d 60 (4th Cir. 1989), and the Tenth Circuit in *Breidenbach v. Bolish*, 126 F.3d 1288 (10th Cir. 1997), ruled in favor of disclosure. The minority opinion from the Ninth Circuit *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989) ruled in favor of Government concealment, yielding the authority of the judiciary to favor the judgment of the Government on pre-indictment court records.

In its unanimous decision, the Fifth Circuit joined the majority favoring disclosure. Thus, it is now the duty of all Courts in the Fifth, Fourth, and Tenth Circuits to view these affidavits favoring disclosure but allowing limited sealing for legitimate prosecution purposes.

During Oral Argument in August, all three panel members were critical of the Government's position taking so long to release records, recognizing sealing should be limited in both scope and time. That was several months ago.

In ordering access, the Fifth Circuit found "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Sealed Search Warrants*, 868 F.3d 385 (5th Cir. 2017).

Even the decision supporting Government disclosure delay in the Ninth Circuit did not permit permanent refusal to disclose. The cases contain numerous examples of where pre-indictment affidavits were concealed but could not be concealed indefinitely. *See Matter of*

*Searches of Semtex Industrial Corp.*, 876 F. Supp. 426, 429 (E.D.N.Y. 1995) (concluding that the common law right of access required that disclosure of search warrant affidavits and could not be indefinitely postponed, and ordering all warrant documents unsealed (but for confidential informant information) by a date certain if no indictment issued). In March 2018, three months hence, two years will have passed since the execution of the first warrant. The statute of limitations on a Bivens action will have expired at that time. Clearly even the Ninth Circuit did not intend to protect potentially illegal Government action based on perjury by substantial discovery delays. In keeping with the new specific guidelines of the Fifth Circuit transparency is favored over suppression, which must be exercised "charily."

Even under the most draconian example in the Ninth Circuit there is little likelihood justification for continued sealing of the affidavit in this particular case could still exist.

But the Fifth Circuit has disavowed that minority position.

**THE GOVERNMENT'S CONCERNS**

Since the execution of the warrants, the subject businesses and investments have been destroyed. Even protection of the identity of employed prior witnesses whose names are concealed has become a moot issue. All employees lost their jobs. If Smith theoretically might fire a disloyal employee, that ship has sailed. However, if reasonable, an informant's name can be redacted.

The Government's expressed concerns to protect the identity of subjects of the Government's investigation at this point is beyond silly. The only subject is Justin Smith. His identity is a matter of public record. If there is another subject, which is highly unlikely, there is no legitimate reason to conceal him or her, two years after the fact, and after the government termination of the business. The argument supposes a conspiracy in which the target is currently unaware of his co-conspirators, but will learn who they are on receipt of the affidavits. The

position should compel judicial curiosity. It does not pass the smell test. This Court can certainly redact the probably non-existent names out. It is done all the time, and your petitioner has never objected to this redaction if the Court finds it necessary. The argument is a rabbit trail.

Was the Magistrate's judgment flawed? Judge Palermo is the only neutral party to read all affidavits. She determined there would be no harm to the Government's case, over a year ago. One presumes a year later even less risk. In a free society, there is always some risk. Only Totalitarian regimes can prevent risk. In the Fifth Circuit transparency is favored but this Court is charged with the power to weigh that favored position against serious risk in cases with elements such as terrorist potential or witness intimidation, issues unrelated to this case. The common law never contemplated the near universal sealing that in the last decade has become the fallback position. And that fallback position now screams in the face of the Fifth Circuit, Fourth Circuit, and Tenth Circuit instructions to conceal "charily."

The Government now argues a third test not required by any circuit. They will, *ex parte*, direct the court to read certain specific portions of the affidavits, and suggest the Court not read anything else. (Doc 53, Pages 4 and 5).

O.K. These positions were before Judge Palermo who made some redactions, possibly those suggested ones. They were present when this Court ruled, and when the Fifth Circuit ruled. They were present even when the Government admitted some of the information in the affidavits still unreleased, was harmless. If the Court agrees those particular sections, and those sections alone bear close scrutiny, the Court should review them under the lens of "charily" conceding, and then release everything else, and redact those portions of the selected paragraphs that the Court continues to believe, a year later, will do unjustified harm to the Government's case. That redaction, if justified, cannot hide a potential Bivens action jeopardizing the statute of limitations

of an injured citizen. This short and easy, judicially conservative approach, will satisfy the Fifth Circuit and vital public concerns.

  <u>The Government's Strangest Argument</u>. They argue that, "[The} Opportunity to conceal, destroy, alter, or fabricate evidence [(will occur if this Court follows the Fifth Circuit order]". (Doc 53, Page 5, Section c). How would Smith conceal, destroy or alter evidence currently in the possession of the Government? The Government has seized every piece of paper in Smith's possession including mountains of attorney client privileged materials in three locations. They parrot these concepts from irrelevant situations and ask for irrelevant relief; but nothing can be concealed, destroyed, or altered. And the Government knows this. The Government is no longer seeking seizures because there is nothing left to seize. The truth is irrelevant to the clear goal which is the exertion of power for the sake of power. The very antithesis of the Fourth Amendment. An unacceptable totalitarian approach in a free country committed to open courtrooms. Fabricate evidence? Presumably that is always possible – but not advisable in this situation – since aside from being a crime it would be easily determined – new evidence, magically appearing? How the Government's concealment of its affidavits could possibly prevent this allegedly feared misguided effort two years after the seizure of every record ever in the possession of the target is another secret. If a suspect attempted it under these facts it is beyond counsel's imagination to see an advantage, let alone the ability to do so. The Government insinuates, without saying it, because the proposition is so absurd, that there are still unsecured tax records, that they are available to the target, that the target has so far, two years after the initial seizure not destroyed them. However, if he were to read the affidavits he would learn what his tax records were, where they are, and then proceed to destroy them. The truth is much simpler and easier to explain. The Government had access to all of the tax records even before the raid. For two years, the

Government has had dictatorial control over every piece of paper Justin Smith or his related companies have ever had access to. Were he to create new tax records, false ones, they would easily be detected and it is beside the point. Nothing in the affidavit would convince any suspect to do that. So, he can't destroy, he can't alter, and fabrication would be lunacy. Another rabbit trail for the sole purpose of indirectly defying the Fifth Circuit.

The Government seeks to undermine the Fifth Circuit's reasoned opinion. This Court in its decision expressed concern that the Fifth Circuit should make the decision – not the District Court. It has. The Government now seeks a path around that decision. The Government's flawed interpretation of *Baltimore Sun* was not accepted by the Fifth Circuit and it is inappropriate to ask this court for a third review. It seems the only goal is to pass the statute of limitations on a potential Bivens action or just maintain the unfortunate evolved habit of unjustified, unjustifiable secrecy. The statute of limitations applicable to Bivens actions is governed by the law of the forum state. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). For an action to be brought in Texas that is two years. The Government requests this Court's assistance in getting past the last couple of months.

## **CONCLUSION**

For the foregoing reasons, Smith respectfully requests that this Court either review the specific paragraphs suggested by the Government to see if exposure will assist the destruction of tax records, or the escape of a still unnamed co-conspirator suspect and if so, make conservative redactions, or adopt Judge Palermo's July 15th Order or, in the alternative simply turn over the entire collection of aged affidavits. None of this will harm the Government in any foreseeable way unless the warrants were secured with perjury.

Dated: December 8, 2017

Respectfully submitted,

MICHAEL LOUIS MINNS, P.L.C. d/b/a
MINNS & ARNETT

*/s/ Michael Louis Minns*
Michael Louis Minns
State Bar No. 14184300
Ashley Blair Arnett
State Bar No. 24064833
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

## CERTIFICATE OF SERVICE

On December 8, 2017, I, Ashley Blair Arnett, attorney for the Justin Smith, filed this motion with the United States District Court District for the Southern District of Texas electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon the parties upon its submission to the Court.

*/s/ Ashley Blair Arnett*
Ashley Blair Arnett