UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|                                   | § | Criminal Action H-16-MJ-409 |
|                                   | § |                             |
| IN THE MATTER OF THREE            | § | Consolidated with:          |
| SEALED SEARCH WARRANTS            | § | Criminal Action H-16-MJ-555 and |
|                                   | § | Criminal Action H-16-MJ-556 |

## COMMENT TO GOVERNMENT'S RESPONSE TO DEFENDANT'S BRIEF

TO THE HONORABLE COURT:

COMES NOW, Justin Smith ("Smith"), through undersigned counsel, and submits this comment to the Government's December 12, 2017, Response.

## A DISCUSSION ABOUT A FOOTNOTE:
## THE DESTRUCTION OF SMITH'S BUSINESS

This Honorable Court ordered the parties to file briefs on or before Sunday December 10, 2017, and both parties have done so.

In his brief, Justin Smith ("Smith") represented that the cause of his corporate demise was the IRS "investigation" including but not limited to the search warrants. The Government response argues another potential contributing cause.

It is not disputed that, regardless of Smith's disagreements with FAA, or other government entities, on the day of the first search warrant, Smith had aircraft under his control or under control of a company or companies that he worked for with substantial equity. That on that day in March 2016, there were pilots, with FAA approval, and other employees and aircraft and revenues. On the day after the raid there were fewer employees, because they simply didn't show up for work again, and there were fewer customers. In the next thirty days, nearly all customers ceased doing

business with Smith and/or his affiliated businesses, all investors ceased support, and essentially all revenue dried up. The undersigned counsel had the option of finishing this limited civil common law and Fourth Amendment issue, to review the three destructive affidavits, pro bono, or dropping the representation before seeing it out. The issue was too important to abandon.

Six months later, September 2016, unrelated counsel on the FAA case yielded and entered a settlement. Smith ended up pro se in nearly every other aspect of his life and business when he had previously used counsel extensively. Perhaps it was because he was broke. No customer or investor or employee left because of the FAA in 2015 or 2016. Employees who had no fear of FAA civil enforcement disappeared after being herded into rooms at gun point by IRS agents. The cause and effect was immediate, traceable and undeniable.

Undersigned counsel will not speculate about the merits of the numerous problems that blew up on the once successful Smith. Is there a possibility that Smith would have ultimately fallen from the sword of the FAA or perhaps other attacks? The possibility is irrelevant. The corporate corpse was already buried when the pauperized Smith signed his peace treaty with the FAA six months later. A prosperous citizen can afford more litigation than a destitute one. What is certain? Most people forced to proceed pro se don't do as well as they might with counsel. The cards were dealt. Smith was not going to be able to finance his disagreement with the FAA after the damage inflicted by the IRS.

The government now argues, in this particular case, for the first time that Smith was destined to fail, because in fact he did concede failure, September 2016. They dispute that the government investigation by IRS brought him down and suggest it was the conceded controversy with the FAA. They ignore that he likely would have stayed open at least another six months or so. Ultimately, no one can raise the dead. Perhaps he would still be open today. Perhaps not.

Perhaps he would have still waged battle with the FAA. Perhaps the FAA would have lost. Settlement precludes much value in conjecture.

Regardless, it was never the key issue in the case, only a side note. One key issue in this case, which the government did not address publically with evidence, was whether or not the Special Agent's position that Smith was on video destroying records, was truthful or was a lie. Did perjured affidavits create a still unknown Bivens action? The government also ignores the clear mandate of the Fifth Circuit (which echoes the Supreme Court case in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S. Ct. 1306, 55 L.Ed.2d 570 (1978)) favoring transparency "to promote trustworthiness of the judicial process…"

Undersigned counsel has accepted the burden of this one limited issue and has no knowledge or interest in the FAA case, or what damages it speculatively might have inflicted on Smith's company half a year after the IRS Special Agent destroyed it. Counsel will concede that no citizen profits from an attack by his government regardless of the agency he confronts or the justification for the attack.

Dated: December 13, 2017

                                                  Respectfully submitted,

                                                  MICHAEL LOUIS MINNS, P.L.C. d/b/a
                                                  MINNS & ARNETT

                                                  *s/ Michael Louis Minns*
                                                  Michael Louis Minns
                                                  State Bar No. 14184300
                                                  Ashley Blair Arnett
                                                  State Bar No. 24064833
                                                  9119 S Gessner Rd, Suite 1
                                                  Houston, Texas 77074
                                                  Telephone: (713) 777-0772
                                                  Telecopy: (713) 777-0453

**CERTIFICATE OF SERVICE**

On December 13, 2017, I, Ashley Blair Arnett, attorney for the Justin Smith, filed this comment with the United States District Court District for the Southern District of Texas electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon the parties upon its submission to the Court.

*s/ Ashley Blair Arnett*
Ashley Blair Arnett
